LARRY G. SMITH, Judge.
The State appeals an order suppressing certain drugs and paraphernalia seized from appellant’s apartment by police who entered for the purpose of arresting a third party robbery suspect. The State argues for reversal on the contentions that probable cause existed for the arrest of the third party, and the entry of appellant’s apartment was authorized under the “officer’s peril” exception to the “knock and announce” requirements of Section 901.19(1), Florida Statutes, as elucidated in Benefield v. State, 160 So.2d 706 (Fla.1964). We affirm on the authority of the decision of the Supreme Court of the United States in Payton v. New York, and Riddick v. New York, - U.S. -, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).
An officer of the Jacksonville Police Department learned from a confidential informant that a robbery suspect, Mitch Tun-stall, was in appellant’s apartment. Details of the robbery and a description of the suspect given by the confidential informant were verified by the officer by contacting the detective who was in charge of the robbery investigation. Three officers then proceeded to appellant’s apartment, where *1131 they encountered a person leaving the apartment building who informed them that the suspect was in appellant’s apartment shooting drugs. The suspect’s car was observed parked nearby. One officer went to the rear of the apartment, two others went to the front door. Their knock at the door was answered by a young man to whom the officers stated their authority and asked whether Mitch Tunstall was there. The young man stated he did not know, but indicated he would check and turned to reenter the interior of the apartment. The officers testified that they “heard a noise” and proceeded to follow him into the apartment, and into a bedroom, where they found Mitch Tunstall. They also observed marijuana and other drugs in the living room area and in the bedroom. Tunstall, appellant, and the young man were arrested and the drugs were seized.
We agree that the officers had probable cause to arrest the robbery suspect, and probable cause to believe that he was inside appellant’s apartment. They also had additional knowledge that Tunstall was a convicted felon, a known narcotics user, with a record of arrests for sale and possession of controlled substances, and for possession of a firearm by a convicted felon. However, our inquiry into the circumstances to determine whether the officers’ entry of the apartment was justified under an exception to the knock and announce rule is rendered moot by the Supreme Court’s opinion in Payton v. New York, supra, which imposed an arrest warrant requirement upon police officers who enter a suspect’s home in order to make a felony arrest, in the absence of exigent circumstances.[1] Although the court in that case was dealing with an arrest in the suspect’s home, and did not purport to answer questions concerning the authority of the police, without either a search or arrest warrant, to enter a third party’s home to arrest a suspect,[2] we have no reason to believe that any less stringent rules would apply to police entry of a third party’s home than to the home of the suspect himself.
Here, the trial court clearly based the suppression order upon the absence of a warrant, and the absence of exigent circumstances which would justify entry of appellant’s home without a warrant in order to make the arrest.
The order appealed from is therefore AFFIRMED.
ERVIN and BOOTH, JJ., concur.

. The trial judge in the case under review exhibited remarkable foresight in basing his decision in large part upon the yet to be announced rule of Payton. His written order granting the motion to suppress contains express findings that the State did not prove the existence of exigent circumstances which would have warranted entry of appellant’s premises; that the officers were not given consent to enter or search appellant’s apartment; and that entry of appellant’s apartment without an arrest or search warrant was not authorized by law. The basis for the suppression was further clarified at a subsequent hearing by the trial judge’s statement that he found the officers had better than two hours to obtain an arrest warrant, adequate time within which to obtain an arrest warrant so as to lawfully enter appellant’s apartment.

. “Nor do these cases raise any question concerning the authority of the police, without either a search or arrest warrant, to enter a third party’s home to arrest a suspect.” Payton v. New York,- U.S. -, at-, 100 S.Ct. 1371, at 1378, 63 L.Ed.2d 639.